UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Marco Realty, Inc.,                              Case DM21-90054
                                                            Chapter 11
                                                            Honorable Scott W. Dales
                                                            Chief Judge

_____ Debtor./

UNITED STATES TRUSTEE'S MOTION
REQUESTING THE DISMISSAL OF THIS CASE OR CONVERSION TO CHAPTER 7

Andrew R. Vara, United States Trustee for Regions 3 and 9, pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), files this motion asking that the Court either dismiss this case pursuant to 11 U.S.C. Section 1112(b)(1), or alternatively, convert this case to a case under Chapter 7 of the Bankruptcy Code also pursuant to 11 U.S.C. Section 1112(b)(1), for the following reasons:

1. Pursuant to 28 U.S.C. § 586, the United States Trustee ("UST") is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[1]

2. This is the second Chapter 11 case filed by Marco Realty, Inc., within the last year.

3. Marco Realty, Inc., filed its first petition for relief under Chapter 11 of the Bankruptcy Code on December 31, 2020, Case No. DM20-90214. The petition was signed by George Marcantonio, as President of the debtor. (Case No. DM20-90214, DN 1, page 4.) The statement of financial affairs filed in the first *Marco Realty* case identified Mr. George Marcantonio as the 100% shareholder and owner of *Marco Realty, Inc.,* (Case No. DM20-90214, DN 14, pages 13 and 14.)

4. On February 5, 2021, the Court dismissed the first *Marco Realty* case for failure to have adequate insurance. (Case No. DM20-90214, DN 24.)

5. *Marco Realty, Inc.,* filed this second petition for relief under Chapter 11 on April 15, 2021, Case No. DM21-90054. The second petition, like the first, was signed by George Marcantonio as president of the debtor.

---

[1] This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas Sys., Inc., (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc., (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990)(describing the United States Trustee as a "watchdog"). *See also,* H.R. Rep. No. 95-595, at 4, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, 6049*; see also, e.g.*, *In re South Beach Secs.*, 606 F.3d 366, 370, 371 (7th Cir. 2010); *Curry v. Castillo (In re Castillo),* 297 F.3d 940, 951 (9th Cir. 2002); *In re Charges of Unprofessional Conduct 99-37 v. Stuart*, 249 F.3d 821, 824 (8th Cir. 2001); *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

6. No schedules or statement of financial affairs was filed with the second *Marco Realty, Inc.,* petition. These documents were due no later than April 29, 2021.

7. As of this date, the debtor still has not filed any schedules or a statement of financial affairs. The debtor also has not filed a motion for an extension of the time within which to file these documents.

8. On April 26, 2021, the debtor filed a motion to dismiss this case. (DN 7.) The motion to dismiss stated that the debtor no longer believed that it needed to proceed under Chapter 11.

9. The Court denied the debtor's motion to dismiss by order dated April 28, 2021 (DN 9) for the reason that the motion to dismiss failed to state sufficient grounds for dismissal.

10. On April 27, 2021 the United States Trustee set June 15, 2021 as the date for the first meeting of creditors called under 11 U.S.C. Section 341.

11. On May 20, 2021, the United States Trustee held the Initial Debtor Conference for this case. Rudy Perhalla, Esq., attended the Initial Debtor Conference for the debtor. Mr. Marcantonio did not attend the Initial Debtor Conference, due to ill health, according to Mr. Perhalla.

12. According to the Schedules filed in the first *Marco Realty* case, the only assets the debtor owned were several houses which the debtor rented out to tenants.

13. During the Initial Debtor Conference, Mr. Perhalla confirmed that the debtor had sold all its real estate after the dismissal of the first case and before the

filing of the second case. Mr. Perhalla did not know the amount of any sale proceeds that the debtor might still have in its possession after those sales. Mr. Perhalla also confirmed that the debtor is not currently operating its business of renting housing to tenants.

14. The United States Trustee's research appears to confirm that prior to this second filing the debtor has sold all the real estate that it listed in its first petition for relief under Chapter 11.

15. The second *Marco Realty* Chapter 11 petition was apparently filed to stop a foreclosure action brought by Northern Interstate Bank to foreclose on approximately $8.8 million in gemstones which serve as collateral for the loan that Northern Interstate Bank made to Mr. Marcantonio, Marco Realty, and other relatives of Mr. Marcantonio, or entities controlled by Mr. Marcantonio and his relatives. However, it appears that the gemstones are owned by Mr. Marcantonio, (Case No. DM20-900213, DN 20-2, page 4), not Marco Realty, so Marco Realty may not have standing to raise counterclaims to the foreclosure or otherwise contest the foreclosure upon the gemstones.

16. The debtor filed a Schedule of the Twenty Largest Creditors. In that Schedule the debtor stated that it has no unsecured creditors. (DN 1-1.) This is corroborated by the Schedule of Twenty Largest Creditors and the Schedule E/F filed in the first *Marco Realty* case. (Case No. DM20-90214, DN 2 and 13-1.) The

documents filed in the first *Marco Realty* case also stated that the debtor had no unsecured creditors, and only one secured creditor, Northern Interstate Bank..

17. During the Initial Debtor Conference, the United States Trustee asked the debtor whether the debtor would consent to the dismissal of this case, given that the debtor is not operating any business, has no business to rehabilitate, has no assets other than possibly the cash proceeds of the sale of the real estate, has no unsecured creditors, has not filed any schedules, and has not filed a motion for an extension of the time to file the schedules.   The debtor consented to dismissal of this case.

18. The United States Trustee also asked if the debtor would consent to a bar of at least one year on the refiling of bankruptcy petition. The debtor consented to any dismissal order also barring the debtor from refiling a petition for relief under Title 11 for at least one year after the dismissal of this case.

***ARGUMENT***

19. Section 1112(b)(1) of the Bankruptcy Code provides that unless the Court specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, or the debtor cannot be converted to another chapter, "the court shall convert a case under

this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

20. Section 1112(b)(4) provides in part, "For purposes of this subsection, the term 'cause' includes – …(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this title…"

21. Cause exists to dismiss this case under Section 1112(b)(1) because the debtor, Marco Realty, has failed to timely file its schedules and statement of financial affairs, and has not obtained an extension of the time within which to file those documents. This constitutes cause for conversion or dismissal under Section 1112(b)(4)(F). It also constitutes gross mismanagement of the estate, which is cause under Section 1112(b)(4)(B). Cause also exists to dismiss this case because if the case continues, there will be United States Trustee quarterly fees to pay, as well as attorney fees, and possibly other professional fees, but since the debtor has no business to operate and cannot operate, there will be an absence of a reasonable likelihood of rehabilitation, since there is no business or estate to rehabilitate. This constitutes cause for dismissal under Section 1112(b)(4)(A). Furthermore, the debtor has consented to dismissal.

22. The debtor has also consented to a bar prohibiting the debtor from refiling a petition for relief under Chapter 11 for at least a year after the dismissal of this case.

23. Dismissal instead of conversion would be in the best interest of creditors and the estate for several reasons. There appear to be no unsecured creditors in this Chapter 11 case to protect. It appears that there is only one creditor in this case, Northern Interstate Bank, which is a secured creditor. The Bank has a secured claim in the amount of $975,422.14 (Case No. DM20-90214, DN 13-1, page 10.) This claim is secured by $8,473,638 in gemstones owned by Mr. Marcantonio which are held in the vault of Northern Interstate Bank. (Case No. DM20-90213, DN 20-2, pages 11 and 12.) The Bank is already sufficiently protected, even if this case is dismissed. Furthermore, the Bank has a pending lawsuit in State Court in which the Bank seeks to foreclose on the gemstones.

For all the above reasons, the United States Trustee asks that the Court dismiss this second *Marco Realty, Inc.*, Chapter 11 case for cause pursuant to 11 U.S.C. Section 1112(b)(1), and that the Court bar Marco Realty, Inc., from refiling a petition for relief under Chapter 11 for at least one year after the dismissal of this case, or that the Court grant such other relief as the Court may deem just.

                                  Respectfully submitted,
                                  ANDREW R. VARA
                                  United States Trustee
                                  Regions 3 and 9

Date:_____        By:_____
                                  By: */s/ Michael V. Maggio*
                                      Michael V. Maggio
                                      Trial Attorney
                                      Office of the United States Trustee
                                      United States Department of Justice
                                      The Ledyard Building, Second Floor
                                      125 Ottawa Avenue NW, Suite 200R
                                      Grand Rapids, Michigan 49503
                                      Tel: (616) 456-2002, ext. 14